UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL,<br><br>    Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-02321-EMC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Docket No. 44 |

Plaintiff Kelly Carroll has filed a wage-and-hour class action against Defendants Wells Fargo & Company and Wells Fargo Bank, N.A. (collectively, "Wells"). Currently pending before the Court is Wells's motion to dismiss the first amended complaint ("FAC"). The thrust of the motion is that Ms. Carroll has failed to make sufficient nonconclusory allegations to support any claim for relief. The Court held a hearing on Wells's motion on October 1, 2015. This order memorializes the Court's rulings.

(1) Overtime claim. The motion to dismiss is denied as moot. Ms. Carroll stated at the hearing that she could amend the currently operative complaint to allege greater specificity as to workweek(s). Ms. Carroll has leave to so amend.

(2) Minimum wage claim. The motion to dismiss is denied.

(3) Rest break claims. The motion to dismiss is granted, but with leave to amend. Ms. Carroll shall amend Count 3 (*i.e.*, the claim that Wells failed to pay her for recorded breaks of 29 minutes or fewer) to clarify whether she is pleading a state claim, a federal claim, and/or both, and the factual bases therefor. Ms. Carroll shall also amend Count 5 (*i.e.*, the claim that Wells denied her rest periods and required her to work during those periods) because,

as currently pled, it is conclusory and does not explain *how* she was not provided a rest period.

(4) Meal break claim. The motion to dismiss is granted in part and denied in part. The motion is denied to the extent the claim is based on the allegation that Wells had a policy requiring bank customers to be attended to and serviced in fewer than five minutes. The motion is granted to the extent the claim is based on the allegation that Wells denied a second meal break. Ms. Carroll has leave to amend to explain *how* Wells failed to provide a second meal break.

(5) Derivative California Labor Code claims. These claims rise and fall with the substantive claims.

(6) Section 17200 claim. The claim raises and falls with the substantive claims.

(7) Breach-of-contract claim. The motion to dismiss is denied as moot. Ms. Carroll may include a breach-of-contract claim in her to-be-filed amended complaint. However, if Ms. Carroll intends to keep this claim, then she must attach a copy of the handbook on which she based the allegations in the currently operative complaint.

Ms. Carroll has until November 2, 2015, to file an amended complaint to address the deficiencies identified above.

This order disposes of Docket No. 44.

**IT IS SO ORDERED**.

Dated: October 2, 2015

_____
EDWARD M. CHEN
United States District Judge

2