UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL,<br><br>        Plaintiff,<br><br>    v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>        Defendants. | Case No. 15-cv-02321-EMC   (KAW)<br><br>**ORDER TERMINATING 7/5/16 JOINT DISCOVERY LETTER REGARDING REQUESTS FOR PRODUCTION OF DOCUMENTS**<br><br>Re: Dkt. No. 88 |

On July 5, 2016, the parties filed a joint letter concerning four requests for production of documents. (Dkt. No. 88.)  As presented, however, the format of the joint letter does not facilitate the Court's ability to fully resolve the dispute, as the parties are not addressing the same issues. Accordingly, the Court TERMINATES the joint letter, and orders the parties to meet and confer and file a separate, revised joint letter in the following format should they be unable to informally resolve all remaining disputes without court intervention:

    **A.  Request No. 3**

        [Summarize the issue and reproduce the request.]

Plaintiff's Position

        [Plaintiff's position outlining why Defendant's response or position is deficient and the relief requested.]

Defendant's Position

        [Defendant's rationale as to why it has fully responded to the request, etc.]

    **B.  Request No. 4**

        [Summarize the issue and reproduce the request.]

1   Plaintiff's Position

2   [Plaintiff's position outlining why Defendant's response or position is

3   deficient and the relief requested.]

4   Defendant's Position

5   [Defendant's rationale as to why it has fully responded to the request, etc.]

6   (*See* Judge Westmore's General Standing Order ¶ 13.)  For each request for production, the parties should address Federal Rule of Civil Procedure 26's new proportionality requirement.  To aid the parties in their meet and confer efforts, Defendant's position that the breadth of information required to be furnished would be limited to the six months Plaintiff worked in a non-exempt position or to those in her exact position is unavailing given the size of the putative class.  Equally untenable, assuming that Defendant's representations regarding burden are accurate, is Plaintiff's desire to obtain documents pertaining to all 40,000 putative class members in response to all disputed requests, particularly Requests Nos. 3 and 4.

Additionally, the parties should again attach the propounded discovery and the applicable responses as exhibits to the joint letter.  All exhibits should be tabbed and physically attached to the corresponding letter with a staple or brads.

IT IS SO ORDERED.

Dated: July 8, 2016

KANDIS A. WESTMORE
United States Magistrate Judge