| | |
|---|---|
| SEYFARTH SHAW LLP<br>Christian J. Rowley (SBN 187293)<br>560 Mission Street, 31st Floor<br>San Francisco, California 94105<br>Telephone:     (415) 397-2823<br>Facsimile:     (415) 397-8549<br>crowley@seyfarth.com | PADILLA & RODRIGUEZ, LLP<br>John M. Padilla (SBN 279815)<br>jpadilla@pandrlaw.com<br>601 S. Figueroa St., Suite 4050<br>Los Angeles, California 90017<br>Telephone: (213) 244-1401<br>Facsimile: (213) 244-1402 |
| Richard L. Alfred (SBN 015000) (pro hac vice)<br>Two Seaport Lane, Suite 300<br>Boston, Massachusetts 02210<br>Telephone: (617) 946-4802<br>Facsimile: (617) 946-4801<br>ralfred@seyfarth.com | WILLS LAW FIRM, PLLC<br>Rhonda H. Wills (*pro hac vice*)<br>rwills@rwillslawfirm.com<br>Genevieve Estrada (*pro hac vice*)<br>gestrada@rwillslawfirm.com<br>1776 Yorktown, Suite 570<br>Houston, Texas 77056<br>Telephone: (713) 528-4455<br>Facsimile: (713) 528-2047 |
| Timothy M. Watson (SBN 20963575)<br>(pro hac vice)<br>700 Milam Street, Suite 1400<br>Houston, Texas 77002-2812<br>Telephone: (713) 225-2300<br>Facsimile: (713) 225-2340<br>twatson@seyfarth.com | Attorneys for Plaintiffs<br>KELLY CARROLL, and<br>the Putative Class |
| Attorneys for Defendant<br>WELLS FARGO & COMPANY and WELLS FARGO BANK, N.A. | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| KELLY CARROLL, Individually and On Behalf of All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, and WELLS FARGO BANK, N.A.,<br><br>Defendants. | Case No. 3:15-CV-02321 EMC (KAW)<br><br>**STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER**<br><br>Judge:  Hon. Edward M. Chen |

1

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER - CASE NO. 3:15-CV-02321 EMC
27938281v.1

1. PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles and the terms herein.  The parties further acknowledge, as set forth in Section 12.3, below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

2. DEFINITIONS

    2.1 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

    2.2 "CONFIDENTIAL" Information or Items:  information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), including private information of an individual, trade secrets, proprietary information, information protected from disclosure by statute, and confidential commercial information.

    2.3 Counsel (without qualifier): Outside Counsel of Record and House Counsel (as well as their support staff).

    2.4 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL."

    2.5 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.6    Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.7    House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.8    Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.9    Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.10   Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.11   Producing Party: a Party or Non-Party that produces Disclosure or Discovery Material in this action.

2.12   Professional Vendors: persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.13   Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

2.14   Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

3.  SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections


1. conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

4. DURATION

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

5. DESIGNATING PROTECTED MATERIAL

5.1 *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards as set forth herein. The Designating Party must designate for protection only those parts of material, documents, items, oral or written communications, or depositions that qualify so that other portions of the material, documents, items or communications for which protection is not warranted are not swept unjustifiably within the ambit of the Order, with the exception of e-mail data as described below.

Mass, indiscriminate, or routinized designations are prohibited, except with respect to the production of e-mail data as described below. Except for the mass designation of e-mail data as CONFIDENTIAL as described below, designations that are shown to be clearly unjustified or that have been made for an improper purpose (*e.g.*, to unnecessarily encumber or retard the case

3

STIPULATED PROTECTIVE ORDER AND [PROPOSED] ORDER - CASE NO. 3:15-CV-02321 EMC
27938281v.1

development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions. The parties agree, however, that it is not cost-effective for the Producing Party to review the e-mail data sought by Plaintiffs for confidentiality, and thus the parties agree that the Producing Party may mark all e-mail data and attachments en masse as CONFIDENTIAL to protect against the disclosure of highly confidential consumer financial data and other potentially confidential data that may be contained within the e-mail collection. If the receiving Counsel wishes to disclose particular documents to others not authorized to receive the documents under this order and believes that they do not contain CONFIDENTIAL material, Counsel may confer with the Designating Party, who shall withdraw the designation if warranted, per the procedures outlined in paragraphs 6.2 and 12.3. Absent agreement, the parties may seek Court relief as provided herein.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2     <u>Manner and Timing of Designations</u>. Except as otherwise provided in this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a)     for information in documentary form (*e.g.*, paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins). A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the

material made available for inspection shall be deemed "CONFIDENTIAL." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the "CONFIDENTIAL" legend to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (*e.g.*, by making appropriate markings in the margins).

(b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony, or that the Designating Party send written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. If no indication on the record is made, all information disclosed during a deposition shall be deemed CONFIDENTIAL until the time within which portions of the testimony may be appropriately designated as provided for herein has passed. Any Party that wishes to disclose the transcript, or information contained therein, before the time within which it may be appropriately designated as Protected Material has passed, may provide written notice of its intent to treat the transcript as non-confidential, after which time, any Party that wants to maintain any portion of the transcript as CONFIDENTIAL must designate the CONFIDENTIAL portions within five (5) business days, or else the transcript may be treated as non-confidential. Any Protected Material that is used in the taking of a deposition shall remain subject to the provisions of this Protective Order, along with the transcript pages of the deposition testimony dealing with such Protected Material. In such cases the court reporter shall be informed of this Protective Order.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the

legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

5.3     <u>Inadvertent Failures to Designate</u>.  If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

6.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

6.1     <u>Timing of Challenges</u>.  Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in

a timely manner. If, however, the Challenging Party wishes to file Protected Material and is under time constraints to file the Protected Material, the Parties will follow the compressed time schedule in paragraph 12.3.

6.3 <u>Judicial Intervention</u>. If the Parties cannot resolve a challenge without court intervention, the Designating Party shall file and serve a motion to retain confidentiality under Civil Local Rule 7 (and in compliance with Civil Local Rule 79-5, if applicable) within 21 days of the initial notice of challenge or within 14 days of the parties agreeing that the meet and confer process will not resolve their dispute, whichever is earlier, or if paragraph 12.3 applies, within 2 business days of the meet and confer. Each such motion must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements. Failure by the Designating Party to make such a motion including the required declaration within 21 days (or 14 days, if applicable), or within 2 business days of the meet and confer where paragraph 12.3 applies, shall automatically waive the confidentiality designation for each challenged designation. In addition, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (*e.g.*, to harass or impose unnecessary expenses and burdens on other parties) may expose the Challenging Party to sanctions. Unless the Designating Party has waived the confidentiality designation by failing to file a motion to retain confidentiality as described above, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

7. ACCESS TO AND USE OF PROTECTED MATERIAL

  7.1 <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order.  When the litigation has been terminated, a Receiving Party must comply with the provisions of section 13 below (FINAL DISPOSITION).

  Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

  7.2 <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

  (a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation;

  (b) the named Plaintiff in this action, provided that Counsel will take care to avoid showing Plaintiff confidential consumer information of third parties such as documents with social security numbers and other private financial information where the material is not needed to prepare for depositions or trial in this matter;

  (c) putative class members the Parties have agreed to depose, who are ordered to be deposed by the Court, or whose deposition has been noticed, provided that Counsel will take care to avoid showing the putative class members to be deposed confidential consumer information of third parties such as documents with social security numbers and other private financial information where the material is not needed to prepare for depositions or trial in this matter;

  (d) officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

8

   (e) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (f) the court and its personnel;

   (g) court reporters and their staff, professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

   (h) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order;

   (i) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

8. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION</u>

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL," that Party must:

   (a) promptly notify in writing the Designating Party.  Such notification shall include a copy of the subpoena or court order;

   (b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order.  Such notification shall include a copy of this Stipulated Protective Order; and

   (c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission.  The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material, and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION</u>

9.1    The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

9.2    In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(a)    promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(b)    promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(c)    make the information requested available for inspection by the Non-Party.

9.3    If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request.  If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its

possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain produced material ("Identified Materials") is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). The production of documents subject to protection by the attorney-client, work product, or other legal privilege protecting information from discovery shall not constitute a waiver of any privilege or other protection, provided that the Producing Party promptly notifies the Receiving Party, in writing, of the production after its discovery of same. The Parties agree that this Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence and thus the disclosure of Identified Materials is not a waiver of the privilege in any other federal or state proceeding.

12. MISCELLANEOUS

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly,

11

1 no Party waives any right to object on any ground to use in evidence of any of the material
2 covered by this Protective Order.

3       12.3     <u>Filing Protected Material</u>.  Without written permission from the Designating Party
4 or a court order secured after appropriate notice to all interested persons, a Party may not file in
5 the public record in this action any Protected Material.  A Party that seeks to file under seal any
6 Protected Material must comply with Civil Local Rule 79-5.  Protected Material may only be
7 filed under seal pursuant to a court order authorizing the sealing of the specific Protected
8 Material at issue.  Pursuant to Civil Local Rule 79-5, a sealing order will issue only upon a
9 request establishing that the Protected Material at issue is privileged, protectable as a trade
10 secret, or otherwise entitled to protection under the law.  If a Party believes that material has
11 been designated "CONFIDENTIAL" and cannot or should not be sealed, pursuant to Civil Local
12 Rule 79-5, then the Party wishing to file the materials shall particularly identify the documents or
13 information that it wishes to file to the Producing Party, in writing.  The Producing Party will,
14 within 3 business days of receiving the request, or a different time if the parties agree to a
15 different time period, agree to withdraw the designation for any materials that are not considered
16 confidential under Civil Local Rule 79-5.  For any documents that the Producing Party claims
17 should be filed under seal and where the Parties disagree on this point, the Designating Party will
18 file a motion to seal the materials within 2 business days following a meet and confer on the
19 issue with opposing counsel, or a different time period if the parties agree to a different time
20 period.   If there are exigent circumstances that prevent the Party seeking to file the materials
21 from providing the notice specified herein, the Party seeking to file the materials will identify the
22 materials it wishes to file by Bates Number to the Producing Party with as much advance notice
23 as is feasible and after providing such notice, may file an administrative motion to seal following
24 the procedures specified in Civil Local Rule 79-5(e).  If a Party's request to file Protected
25 Material under seal pursuant to Civil Local Rule 79-5(d) is denied by the court, then the Party
26 wishing to file the materials may file the information in the public record pursuant to Civil Local
27 Rule 79-5(e) unless otherwise instructed by the court.
28

13. <u>FINAL DISPOSITION</u>

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4 (DURATION).

14. <u>SHIPPING PROTECTED MATERIAL</u>

When any Receiving Party ships any Protected Material to others designated in this Order as authorized to receive Protected Material, the Receiving Party will encrypt any electronic data (if the Protected Material is in that format) and supply the password in separate correspondence to the recipient. If the Protected Material is in hard copy/paper form, the Receiving Party will ship the Protected Material using secure packaging tape via Federal Express or UPS and retain a tracking number for the materials. If the Receiving Party learns at any time that Protected Material may have been retrieved or viewed by unauthorized parties during shipment, it will immediately notify the Producing Party and take all reasonable measures to retrieve the improperly disclosed Protected Material. Nothing herein shall restrict or prohibit a Party from shipping documents that the Party has produced, without encryption or password protection, where the Producing Party is the only Designating Party.

15. <u>COMPUTATION OF TIME</u>

The computation of any period of time prescribed or allowed by this Order shall be governed by the provisions for computing time set forth in Federal Rule of Civil Procedure 6.

16. <u>APPLICATION OF THIS ORDER</u>

This Order applies to Disclosure or Discovery Material produced after the Parties have executed this Stipulated Protective Order, as well as to Disclosure or Discovery Material produced prior to execution of this Stipulated Protective Order, to the extent the Producing Party conditioned production of the Disclosure or Discovery Material on entry of a protective order. This Order specifically applies to any documents or information produced by Defendants to Plaintiff for purposes of preparing for mediation.

Pursuant to Local Rule 5-1(i)(3), I certify that all other signatories listed, on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: July 5, 2016　　　　　　　　　　/s/ Timothy M. Watson
　　　　　　　　　　　　　　　　　　　Timothy M. Watson

Dated: July 5, 2016　　　　　　　　　　/s/ John M. Padilla
　　　　　　　　　　　　　　　　　　　John M. Padilla
　　　　　　　　　　　　　　　　　　　Counsel for Plaintiff

Dated: July 5, 2016　　　　　　　　　　/s/ Timothy Watson
　　　　　　　　　　　　　　　　　　　Timothy M. Watson
　　　　　　　　　　　　　　　　　　　Counsel for Defendants

14

EXHIBIT A

ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Northern District of California on [date] in the case of *Carroll v. Wells Fargo & Company, et al.*, Case Number 3:15-CV-02321 EMC. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Northern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name: _____

Signature: _____

1                         **[PROPOSED] ORDER FOR STIPULATED PROTECTIVE ORDER**

2          GOOD CAUSE APPEARING, it is hereby ORDERED that all parties to this action and their

3 counsel comply with the provisions of the Parties' Stipulated Protective Order.

4          IT IS SO ORDERED.

5 Dated: 7/19/16

6                                            UNITED STATES MAGISTRATE JUDGE