UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>WELLS FARGO & COMPANY, et al.,<br><br>    Defendants. | Case No. 15-cv-02321-EMC<br><br>**ORDER GRANTING CARROLL'S MOTION TO APPOINT LEAD COUNSEL; DENYING LAYOG'S MOTION TO APPOINT LEAD PLAINTIFF AND LEAD COUNSEL; AND VACATING HEARING ON MOTIONS**<br><br>Docket No. 133-34 |

Currently pending before the Court are competing motions for appointment of lead counsel. Having considering the motions, the Court hereby rules as follows.

Federal Rule of Civil Procedure 23(g)(3) provides that a "court may designate interim counsel to act on behalf of a putative class before determining whether to certify the action as a class action." Fed. R. Civ. P. 23(g)(3). Where there are competing requests for appointment as lead counsel, a court considers, *e.g.*,

    (i)    the work counsel has done in identifying or investigating potential claims in the action;

    (ii)    counsel's experience in handling class actions, other complex litigation, and the types of claims asserted in the action;

    (iii)    counsel's knowledge of the applicable law; and

    (iv)    the resources that counsel will commit to representing the class;

Fed. R. Civ. P. 23(g)(1)(A). A court also considers "any other matter pertinent to counsel's ability to fairly and adequately represent the interests of the class." Fed. R. Civ. P. 23(g)(1)(B).

Taking into consideration the submissions made by counsel for Ms. Carroll and counsel for

Ms. Layog, the Court finds that both counsel are competent and could litigate the case (factors (ii) through (iv) above). Although it is not pleased with the jabs each side has taken against the other and the inability on both sides to work cooperatively, both sets of counsel are experienced in handling class actions and with wage-and-hour cases in particular. Both are knowledgeable of the applicable law and have demonstrated an ability to marshal resources to litigate this kind of class action.

Factor (i), however, weighs most heavily in favor of Ms. Carroll's counsel. *Carroll* was filed approximately a year before *Layog*, and Ms. Carroll's counsel has actively litigated *Carroll* for almost a year and a half, including 12(b)(6) motion practice and discovery disputes. Matters herein have progressed as meaningful discovery is underway. The Court also notes that, while Ms. Layog's counsel is currently litigating a case against Wells Fargo in state court, and has been for quite some time, that case is focused on platform-side employees only, and counsel did not initiate a case to include the service side until *Layog* was filed approximately a year *after Carroll*.

To the extent Ms. Layog's counsel has raised concerns about Ms. Carroll's ability to be a lead plaintiff, the Court is not convinced that her former status as a supervisor[1] necessarily puts her into a conflict with other members of the putative class. Moreover, Ms. Carroll's counsel intends to add another plaintiff to the case, *i.e.*, Mr. Ponce.[2] While Ms. Layog's counsel argues that there may be problems with Mr. Ponce, such as the statute of limitations, again, the Court is not convinced, as Mr. Ponce would appear to benefit from tolling under *American Pipe*. *See Am. Pipe & Constr. Co. v. Utah*, 414 U.S. 538, 554 (1974) (stating that "the rule most consistent with federal class action procedure must be that the commencement of a class action suspends the applicable statute of limitations as to all asserted members of the class who would have been parties had the suit been permitted to continue as a class action"); *Anderson v. Michaels Stores, Inc.*, No. 14-56726, 2016 U.S. App. LEXIS 13056, at *2 (9th Cir. July 15, 2016) (noting that

---

[1] Ms. Carroll is no longer employed by Wells Fargo and thus any conflict resulting from her holding a supervisory position appears minimal, if any.

[2] The Court has already indicated that its strong inclination would be to allow Mr. Ponce to enter the case, particularly as there is no obvious prejudice to Defendants under Federal Rule of Civil Procedure 15.

1  "California law controls in assessing whether tolling should be allowed during the pendency of
2  both class actions[;] California has adopted the *American Pipe* tolling doctrine, and has allowed a
3  second class action to proceed after holding that the statute of limitation tolled during the first
4  class action").

5  Accordingly, based on the totality of the circumstances, the Court deems it proper to
6  appoint Ms. Carroll's counsel as lead interim counsel in these consolidated actions. Ms. Carroll's
7  counsel and Wells Fargo shall meet and confer to reach agreement on a schedule for the filing of a
8  consolidated amended complaint and a response thereto. The parties shall also discuss, during
9  their meet and confer, a schedule for class certification.

10  The hearing to resolve the motions for appointment, previously set for October 27, 2016, is
11  hereby **VACATED**.

12  This order disposes of Dockets Nos. 133 and 134.

14  **IT IS SO ORDERED**.

16  Dated: October 19, 2016

_____
EDWARD M. CHEN
United States District Judge

3