UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KELLY CARROLL, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> WELLS FARGO & COMPANY, et al., <br><br> Defendants. | Case No. 3:15-cv-02321-EMC  (KAW) <br><br> **ORDER REGARDING 10/31/16 JOINT LETTER** <br><br> Re: Dkt. No. 137 |

On September 8, 2016, the undersigned ordered Wells Fargo to produce contact information for a 25% sample of putative class members, which was later restricted to service-side employees. The undersigned ordered the parties to meet and confer regarding how the random sample should be selected. Despite their meet and confer efforts, the parties were unable to reach an agreement, and filed the instant joint letter on October 31, 2016. (Joint Letter, Dkt. No. 137 at 1.)

Plaintiff proposes that the sample should be selected based on Employee Identification Numbers (EINs), and the randomization of the EINs would be performed by Plaintiff's expert after receiving the EINs for all putative class members. (Joint Letter at 2.)

Wells Fargo objects to this proposal on the grounds that it was not required to produce EINs for putative class members, and that the Court's September 8, 2016 order already rejected tasking Plaintiff's expert with selecting the sample. (Joint Letter at 3.) Instead, Wells Fargo proposes that each putative class member be assigned one new, unique number ("seed" number), and, using the seed number, use a random number generator in Excel to randomize the class members. (Joint Letter at 4.) Wells Fargo would then select the first 25% of the randomly sorted putative class members and produce that information. *Id.* The process would be performed by

1  Wells Fargo's expert at Navigant Consulting. *Id.* Plaintiff objects to Wells Fargo's expert
2  performing the sample, because it would give Wells Fargo the opportunity to cherry-pick
3  employees, without allowing Plaintiff to verify that the sample was randomly generated. (Joint
4  Letter at 3.)

5  Wells Fargo is the custodian of the information, and the sampling method it proposes is
6  reasonable. Furthermore, the very nature of the discovery process requires that the parties act in
7  good faith in their productions, so Plaintiff's argument that there is the potential to manipulate the
8  random sample is unavailing. Accordingly, Wells Fargo's proposed sampling method shall be
9  utilized, and the information shall be produced on or before December 2, 2016.

10  IT IS SO ORDERED.

11  Dated: November 4, 2016

_____
KANDIS A. WESTMORE
United States Magistrate Judge