1

2

3

4 UNITED STATES DISTRICT COURT

5 NORTHERN DISTRICT OF CALIFORNIA

6

7 KELLY CARROLL, ET AL.,

Plaintiffs,

8

v.

9

10 WELLS FARGO & COMPANY, et al.,

Defendants.

11

Case No. 3:15-cv-02321-EMC   (KAW)

**ORDER REGARDING 11/15/16 JOINT LETTER RE: DEPOSITIONS**

Re: Dkt. No. 139

United States District Court
Northern District of California

12

13      On November 15, 2016, the parties submitted a joint discovery letter regarding Plaintiffs'

14 request to depose former Wells Fargo CEO John Stumpf and former executive Carrie Tolstedt.

15 (Joint Letter, Dkt. No. 139.)

16      Upon review of the joint letter, the Court finds this matter suitable for resolution without

17 oral argument pursuant to Civil Local Rule 7-1(b), and, for the reasons set forth below, finds that

18 Plaintiffs have meet their burden of showing that the deposition of Ms. Tolstedt is proportional to

19 the needs of the case. They have not, however, at this juncture shown that Mr. Stumpf's deposition

20 is proportional under Rule 26.

21                          **I.    BACKGROUND**

22      Plaintiff Kelly Carroll alleges that she worked as a Service Manager 1 in Wells Fargo

23 Bank, N.A.'s Santa Monica, California branch from approximately January 2011 to October 1,

24 2011.  Thereafter, she held two exempt positions until the end of her employment in or around

25 November 2012.  On April 7, 2015, Plaintiff Kelly Carroll filed this putative class action in state

26 court alleging various violations of California wage and hour law. Thereafter, the case was

27 removed to federal court.  Plaintiffs bring this action on behalf of all Wells Fargo non-exempt

28 employees in California from April 7, 2011 to present.

1          On October 7, 2016, the instant case was consolidated with the *Layog* case, 16-cv-02011-

2     EMC. (Dkt No. 128.)  On October 19, 2016, the district court appointed lead counsel for Plaintiffs

3     Kelly Carroll and Chrystiane Layog, and ordered the parties to meet and confer regarding the

4     filing of a consolidated amended complaint and a schedule for class certification. (Dkt. No. 135.)

5     On November 30, 2016, Plaintiffs filed the consolidated complaint. (Dkt. No. 142.)  The class has

6     not been certified, and the parties continue to be engaged in pre-certification discovery.

## II.     LEGAL STANDARD

8          The Federal Rules of Civil Procedure broadly interpret relevancy, such that each party has

9     the right to the discovery of "any nonprivileged matter that is relevant to any party's claim or

10    defense and proportional to the needs of the case[.]" Fed. R. Civ. P. 26(b)(1).  Discovery need not

11    be admissible to be discoverable. *Id.*  The court, however, "must limit the frequency or extent of

12    discovery otherwise allowed" if "(i) the discovery sought is unreasonably cumulative or

13    duplicative, or can be obtained from some other source that is more convenient, less burdensome,

14    or less expensive; (ii) the party seeking discovery has had ample opportunity to obtain the

15    information by discovery in the action; or (iii) the proposed discovery is outside the scope

16    permitted by Rule 26(b)(1)." Fed. R. Civ. P. 26(b)(2)(C).  Furthermore, "[t]he court may, for good

17    cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or

18    undue burden or expense," including by precluding discovery, by conditioning disclosure or

19    discovery on specified terms, by preventing inquiry into certain matters, or by limiting the scope

20    of discovery to certain matters. Fed. R. Civ. P. 26(c)(1). "Rule 26(c) confers broad discretion on

21    the trial court to decide when a protective order is appropriate and what degree of protection is

22    required." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 36 (1984).

23         "District courts have broad discretion to control the class certification process, and whether

24    or not discovery will be permitted lies within the sound discretion of the trial court." *Vinole v.*

25    *Countrywide Home Loans, Inc.*, 571 F.3d 935, 942 (9th Cir. 2009) (citations omitted).

## III.     DISCUSSION

27         The joint letter concerns Plaintiffs' request to depose former Wells Fargo executives

28    during pre-certification discovery.  Defendant contends that the request is both premature and

United States District Court
Northern District of California

2

United States District Court
Northern District of California

1   improper. (Joint Letter at 4.)  Specifically, there is no operative complaint and no scheduling

2   order, so Plaintiffs should not be allowed to proceed with depositions before the pleadings are

3   settled. (Joint Letter at 4-5.)  This argument is unavailing, if, for no other reason, Plaintiffs were

4   granted leave to file an amended complaint in the consolidated case, which has since been filed,

5   and the allegations regarding the putative class of service-side employees remain the same. (*See*

6   Joint Letter at 4 n. 15.)  Furthermore, Wells Fargo's argument that Plaintiffs did not previously

7   intend on taking any pre-class certification depositions does not require that Plaintiffs' request be

8   denied. (*See* Joint Letter at 4.)

9          The Court will address whether Plaintiffs have met their burden of showing that the

10   discovery at issue is proportional to the needs of the case under Rule 26.

11         **A.     Carrie Tolstedt**

12         According to Plaintiffs, Ms. Tolstedt was in charge of Defendant's retail banking since

13   June 2007, and, prior to then, served as Wells Fargo's Regional President for Central California.

14   (Joint Letter at 3.)  Plaintiffs contend that Ms. Tolstedt oversaw Wells Fargo's credit card and

15   retail banking operations during the years in which banking center employees opened millions of

16   sham accounts using existing customers' information. *Id.*  Plaintiffs argue that these sales goals

17   defined the retail bank's culture and led many Wells Fargo bank employees to work off-the-clock

18   and engage in unlawful practices.  These employees all worked in Ms. Tolstedt's community

19   banking division. *Id.* As a result, Plaintiffs believe that Ms. Tolstedt may have first-hand

20   knowledge of relevant facts pertaining to the coercion of employees to work off-the-clock. (Joint

21   Letter at 2, 4.)

22         In opposition, Defendant claims that Ms. Tolstedt's deposition, as well as Mr. Stumpf's, is

23   prohibited by the "apex doctrine," because Plaintiffs have not shown that the former executives

24   possess "unique, non-repetitive, first-hand knowledge" of the off-the-clock overtime claims or that

25   it would be futile to proceed first with other discovery methods. (Joint Letter at 5.)  "When a party

26   seeks the deposition of a high-level executive (a so-called "apex" deposition), the court may

27   exercise its discretion under the federal rules to limit discovery." *Affinity Labs of Texas v. Apple,*

28   *Inc.*, No. C 09-4436 CW JL, 2011 WL 1753982, at *15 (N.D. Cal. May 9, 2011); *see also*

United States District Court
Northern District of California

1    *Groupion, LLC v. Groupon, Inc.*, No. 11-0870 MEJ, 2012 WL 359699, at *2 (N.D. Cal. Feb. 2,

2    2012).  Generally, "[i]n determining whether to allow an apex deposition, courts consider (1)

3    whether the deponent has unique first-hand, non-repetitive knowledge of facts at issue in the case

4    and (2) whether the party seeking the deposition has exhausted other less intrusive discovery

5    methods." *Affinity Labs*, 2011 WL 1753982, at *15 (citing *WebSideStory, Inc. v. NetRatings, Inc.*,

6    No. 06CV408 WQH(AJB), 2007 WL 1120567, at *2 (S.D. Cal. Apr. 6, 2007).

7         Here, Plaintiffs' representation regarding Ms. Tolstedt's prior positions in the company

8    indicates that she may possess unique, first-hand knowledge of the corporate culture that allegedly

9    led to off-the-clock work.  The Court, however, does not find the apex doctrine determinative in

10   this instance, because Ms. Tolstedt is no longer employed by Wells Fargo.  As a result, Wells

11   Fargo's responses to written discovery based on corporate knowledge would not include the

12   information that Ms. Tolstedt possesses.  Similarly, depositions of other employees would not

13   necessary overlap with her personal knowledge.  In fact, a deposition is one of the only discovery

14   methods available to ascertain what Ms. Toldstedt knows.  If Ms. Tolstedt does not possess first-

15   hand knowledge, the deposition will, presumably, be short.

16        Notwithstanding, Plaintiffs must show that the deposition is proportional to the needs of

17   the case under Rule 26, and the Court finds that they have done so. (*See* Joint Letter at 2-4.)

18   Therefore, Plaintiffs are permitted to take Ms. Tolstedt's deposition.

19        **B.    John Stumpf**

20        Plaintiffs also seek to take the deposition of former CEO John Stumpf.  Plaintiffs argue

21   that Mr. Stumpf also likely has first-hand knowledge of the issues in this case on the grounds that

22   he was called to testify before the Senate Banking Committee and the House Financial Services

23   Committee concerning Wells Fargo's aggressive sales targets and the resulting conduct of its

24   employees. (Joint Letter at 4.)  The Court disagrees.  The relationship between Mr. Stumpf's

25   Congressional testimonies pertaining to the creation of millions of fraudulent accounts is too

26   attenuated to any testimony he may provide in this wage and hour matter to permit his deposition

27   to go forward at this juncture.  Unlike Ms. Tolstedt, Plaintiffs do not claim that Mr. Stumpf has the

28   same first-hand knowledge of the day-to-day operations that allegedly adversely affected the

1    putative class members.

2           For the reasons set forth above, the Court finds that Plaintiffs have not shown, at this

3    juncture, that Mr. Stumpf's deposition is proportional to the needs of the case.

### IV.    CONCLUSION

5           In light of the foregoing, Plaintiffs' request to take Ms. Tolstedt's deposition is granted,

6    and the parties shall meet and confer regarding scheduling.  Plaintiffs' request to take Mr.

7    Stumpf's deposition is denied.

8           IT IS SO ORDERED.

9    Dated: December 9, 2016

10                                                   _____
                                                     KANDIS A. WESTMORE
11                                                   United States Magistrate Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California

5